**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-23649-KMM**

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A,"

        Defendants.

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Hong Kong Leyuzhen Technology Co. Limited, ("Plaintiff"), by and through its counsel, the Bayramoglu Law Offices, LLC, submits the following First Amended Complaint against the single individual, corporation, limited liability company, partnership, or unincorporated association identified on Schedule "A" hereto ("Defendant") and hereby alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff is the owner of all rights, title and interest in and to the copyright registrations issued by the United States Copyright Office for a certain image related to its Rotita Brand product line (the "Rotita Brand") used in connection with the promotion and sale of women's apparel, which bears the following federal registration number VA0002379895, (the "Copyright Protected Images").

2.    Plaintiff has filed this action to address online copyright infringers who trade upon

PLAINTIFF'S FIRST AMENDED COMPLAINT          Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

Plaintiff's reputation, goodwill, and valuable copyrights, including the Copyright Protected Image. The Defendant sells competing products of inferior quality by falsely claiming they are authentic Rotita Brand products through the unauthorized display of the Copyright Protected Image on their online storefront (the "Online Store") on the Amazon sales platform identified in Schedule "A" (the "Online Platform"). Defendant additionally offers their competing products at reduced prices from the authentic Rotita Brand products offered by Plaintiff in conjunction with the Copyright Protected Image.

3.     The Plaintiff exclusively uses the Copyright-Protected Images for advertising, display, and sale of its authentic Rotita Brand products on its fully owned, operated, and controlled company website. The Plaintiff does not advertise, market, display, or sell its authentic Rotita Brand products on the Online Platform. The Defendant similarly advertises, markets, and/or sells its competing products, incorporating the products shown in Plaintiff's Copyright Protected Images by referencing the same photographs and 3-D artwork associated with genuine Rotita Brand products, which further causes confusion and deception in the marketplace.

4.     Plaintiff is forced to file this action to combat Defendant's unauthorized use of its Copyright-Protected Image to sell inferior competing products, as well as to protect unknowing consumers from purchasing competing products over the Internet, thinking they are Plaintiff's products. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of the Rotita Brand's reputation and goodwill because of Defendant's actions, and therefore the Plaintiff seeks injunctive and monetary relief.

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

6.      This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including those within the State of Florida, through at least the fully interactive commercial internet store identified in Schedule "A", which is attached hereto as Exhibit 2.

8.      Specifically, Defendant is reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores through which residents can purchase inferior products that are advertised for sale using, without authorization, Plaintiff's Copyright-Protected Images. Defendant has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including to the State of Florida, accept payment in United States currency, and, on information and belief, has used Plaintiff's Copyright Protected Images, without authorization, to sell competing, counterfeit products of lesser quality to residents of the State of Florida.

9.      Defendant is committing tortious acts in the State of Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida. Both committing a tort within the State of Florida, by damaging the brand, and unfair competition,

3

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

subjects the Defendant to the jurisdiction of this Court under Florida's Long Arm Statute, Fl. Stat. §48.193.

10.     Upon information and belief, Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant has committed acts of copyright infringement in the state of Florida and does business in the judicial district.

## THE PARTIES

11.     Plaintiff is a corporation organized under the laws of the People's Republic of China ("China") and is the owner of the Copyright Protected Images asserted to have been infringed in this action by the Defendant. Attached hereto as Exhibit 1 are true and correct copies of the federal copyright registration issued for the Copyright Protected Images and Copyright Public Records Data.

12.     Plaintiff founded its Rotita Brand in 2009, which is dedicated to women's fashion apparel and serves consumers in the United States and throughout the world.

13.     Plaintiff designed, caused to subsist in material form, and first published the Copyright Protected Images on its website located at the company's designated website employing the Rotita Brand in its URL, and over the years, has worked hard to establish success and recognition for high-quality women's apparel internationally and in the United States.

14.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its Rotita Brand and, specifically, the Copyright Protected Images. As a result, the Rotita Brand is widely recognized and exclusively associated by consumers, the public, and the trade as being quality products.

15.     Plaintiff owns all rights, including without limitation, the rights to reproduce the Copyright Protected Images in copies, to prepare derivative works based upon the copyrighted

4

works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, the protected works.

16.     The Plaintiff has neither licensed nor authorized the Defendant to use the Copyright-protected images, and the Defendant is not an authorized retailer of the Plaintiff's genuine Rotita Brand products.

17.     The Defendant resides in China or Hong Kong. The Defendant conducts business throughout the United States, including this judicial district, through the operation of the Defendant's online Amazon store listed in Schedule "A." The defendant has offered to sell, and based on available information, has sold and continues to sell counterfeit and/or knock-off Rotita Brand products originally released by Rotita in its product line, to consumers within the United States, including in this judicial district, by displaying, without authorization, the copyright-protected images on its online Amazon store.

18.     Defendant has accomplished its sale of counterfeit and/or knockoff products through the unauthorized use of Plaintiff's Copyright Protected Images by relying upon one or more common supply chain sources and/or manufacturers that provide the Defendants with textile products matching those offered by Plaintiff and that could not otherwise be physically fabricated individually by the Defendants.

## DEFENDANTS' UNLAWFUL CONDUCT

19.     The success of Plaintiff's Rotita Brand has resulted in counterfeiting and intentional copying of the company's products, and the sale and offering for sale of said products through the unauthorized use of the Copyright-Protected Images. Upon information and belief, Defendant conducts its illegal operations through its Online Stores maintained on the Online Platform. Defendant targets consumers in the United States, including in the State of Florida, and sells and

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

offers for sale counterfeit products through the unauthorized use of the Copyright-Protected Images.

20.     In similar cases involving multiple counterfeiters, defendants operating internet stores intentionally conceal their identities and the full scope of their counterfeiting operations to deter plaintiffs and Courts from learning their true identities and the full extent of their illegal counterfeiting operations.

21.     In this case, through the unauthorized use of the Copyright Protected Images on Defendant's Online Store, Defendant published the Copyright Protected Images on their storefronts, and are directly and personally contributing to, inducing and engaging in the infringement of the Copyright Protected Images as alleged, often times as partners, co-conspirators and/or suppliers.

22.     Upon information and belief, and at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the Copyright Protected Images, including its exclusive right to use and license the Rotita Brand and the goodwill associated therewith.

23.     Plaintiff has identified numerous stores on the Online Platform, including Defendant's Online Store, which are offering for sale, selling, and importing knockoff products to consumers in this judicial district and throughout the United States by using, without authorization, the Copyright-Protected Images. Infringers on e-commerce platforms such as Defendants' Online Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like Defendants' Online Stores are also estimated to contribute to tens of

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

24.     On information and belief, Defendant set up seller accounts on the Online Platform using, without authorization, the Copyright Protected Image so that it appears to unknowing consumers to be authorized online retailers of genuine Rotita Brand products. Defendant's Online Store accepts payment in United States currency via credit cards.

25.     Based on information and belief, Defendants deceive unknowing consumers by using Plaintiff's Copyright-Protected Images on Defendants' Online Stores without authorization to attract customers and sell counterfeit products resembling authentic Rotita Brand products. See Ex. 3, which lists the Store links and the infringing images.

26.     Defendants, in similar type of counterfeit cases, deceive unknowing consumers by using the infringed intellectual property as originally used in connection with the sale of genuine products, within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer product searches. Additionally, counterfeiters in similar cases employ other unauthorized search engine optimization ("SEO") tactics and social media spamming, so that the Defendant's internet store listings appear at or near the top of relevant search results, thereby misdirecting consumers searching for genuine products. Furthermore, counterfeiters employ similar illicit SEO tactics to propel new domain names to the top of search results after others are shut down.

27.     Here, a search for the Rotita Brand women's rompers on the Online Platform resulted in the unauthorized display of the copyright-protected images being used to promote competing, inferior products. As such, Plaintiff also seeks to disable Defendant's Online Store,

where the Defendants display, without authorization, the Copyright Protected Image, to continue to sell knockoff products to consumers in the State of Florida and in this judicial district.

28.     Upon receiving notice of a lawsuit, counterfeiters in similar cases will often register new domain names or online marketplace accounts under new aliases.[1] Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection ("CBP") report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion.[2] In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

29.     Further, counterfeiters often operate multiple credit card merchant accounts and third-party accounts behind layers of payment gateways so that they can continue operating despite enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their Online Platform accounts to offshore bank accounts outside the jurisdiction of this Court particularly since it is believed that Defendants reside in China or Hong Kong.

30.     Defendant's use of Plaintiff's Copyright-Protected Images in connection with the advertising, marketing, distribution, offering for sale and the sale of competing products of inferior

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-aboutcounterfeit-goods-during (counterfeiters are "very adept at setting up online stores to lure the public intothinking they are purchasing legitimate good on legitimate websites") (last visited Apr. 6, 2022).
[2] U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf)

PLAINTIFF'S FIRST AMENDED COMPLAINT                     Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

quality is likely to cause. It has likely caused confusion, mistakes, and deception by and among consumers and is irreparably harming the Rotita Brand.

31.     Defendant has manufactured, imported, distributed, offered for sale and sold their inferior products using the Copyright Protected Image without authorization to do so and will continue to do so unless restrained temporarily, preliminarily, and permanently by this Court.

32.     Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the company's Copyright Protected Image in connection with the advertisement, offer for sale, and the sale of counterfeit and/or knockoff Rotita Brand products through, *inter alia*, its Online Store identified in Schedule "A".

33.     Upon information and belief, Defendants will continue to infringe Plaintiff's Copyright-Protected Images to sell inferior knockoff products unless preliminarily and permanently enjoined.

34.     Defendant's unauthorized use of the Copyright Protected Images in connection with the advertising, distribution, offering for sale, and the sale of poor-quality products in the United States and specifically into Florida, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming the goodwill and intrinsic value of Plaintiff's Rotita Brand.

35.     Unless enjoined, Defendants' infringing conduct will continue to cause irreparable harm to Plaintiff.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**
**[Against Defendants Designated in Schedule A]**

36.     Plaintiff repeats, realleges, and incorporates by reference herein its allegations contained in paragraphs 1 through 35, above.

9

PLAINTIFF'S FIRST AMENDED COMPLAINT                Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

37.     Plaintiff's Copyright-Protected Image has significant value and has been produced and created at considerable expense.

38.     Plaintiff owns all exclusive rights, including, without limitation, the rights to reproduce the Copyright-Protected Image in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending of the copyright-protected works.

39.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and Is likely still selling, offering to sell, marketing, distributing, and advertising products using the Copyright Protected Images without the Plaintiff's permission, authorization, consent, or license.

40.     Upon information and belief, Defendant has directly copied the Copyright Protected Images and used them without authorization to advertise, promote, offer for sale, and sell competing products of low quality and at a fraction of the price. The infringing links and a side-by-side comparison of the original copyright work and the Defendant's infringing photographs are listed in Exhibit 3.

41.     As examples, Defendant deceives unknowing consumers by using, without authorization, the Copyright-Protected Images on Defendant's Online Stores to attract customers as follows:

Exemplary of the Photograph on Defendant's Online Store Released to the Public



*compared to*
Rotita Brand Copyrighted Photograph from Rotita.com



PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

42. Defendant's unauthorized exploitation of Copyright Protected Images to advertise, offer for sale, and sell inferior products on Defendant's Online Store constitutes copyright infringement.

43. On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Copyright Protected Images.

44. Defendant either knew or should have reasonably known that the Copyright-Protected Image is subject to federal copyright protection. Further, each Defendant continues to infringe upon Plaintiff's rights in and to the Copyright-Protected Images.

45. As a direct and proximate result of their unauthorized and infringing conduct, Defendant has gained and continues to gain both direct and indirect profits, along with other benefits that rightfully belong to Plaintiff. The Defendant would not have obtained these benefits without infringing on Plaintiff's Copyright Protected Images. The foregoing acts of infringement constitute a collective enterprise of shared, conspiratorial, overlapping acts done in concert, and facts that have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff. Accordingly, Defendants, and each of them, should be found jointly and severally liable.

46. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

47. In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

11

48.     In the alternative, Plaintiff is entitled to and may elect to choose statutory damages under 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

49.     Plaintiff is entitled to and may elect injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendant of their infringing work, and for an order under 17 U.S.C. § 503 that any of Defendant's infringing products be impounded and destroyed.

50.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

51.     Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the reputation and goodwill of their well-known Rotita Brand.

52.     The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. As such, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing the Copyright Protected Images and ordering that each Defendant destroy all unauthorized copies. Defendant's copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

PLAINTIFF'S FIRST AMENDED COMPLAINT          Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

## COUNT II
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. § 501.201)
### [Against Defendants Designated in Schedule A]

53.     Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 35, above.

54.     Defendant has engaged in acts violating Florida law including, but not limited to, passing off their knockoff products as those of Plaintiff's Rotita Brand products through the unauthorized use of the Copyright Protected Images, thereby causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Rotita Brand products, falsely representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

55.     Moreover, Defendant has used, without authorization, Plaintiff's Copyright-Protected Images in promoting Defendant's Online Store by displaying them in connection with offering for sale knockoff and/or inferior products by deceiving consumers into believing said products are authentic Rotita Brand products.

56.     The foregoing acts of Defendant constitute a willful violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq.

57.     The plaintiff is entitled to the recovery of damages, attorneys' fees, and costs as authorized by statute.

58.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its Rotita Brand's reputation and goodwill. Unless enjoined by the

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.      using  Plaintiff's Copyright Protected Images or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rotita Brand product or is not authorized by Plaintiff to be sold in connection with its registered copyright;

b.      passing off, inducing, or enabling others to sell or pass off any product as a genuine Rotita Brand product or any other product produced by Plaintiff by using the Copyright Protected Images to sell and offer for sale such products that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff;

c.      committing any acts calculated to cause consumers to believe that Defendants' inferior products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff or its Rotita Brand;

d.      further infringing the Copyright Protected Images and damaging Plaintiff's Rotita Brand's reputation and goodwill;

e.      otherwise competing unfairly with Plaintiff through the unauthorized use of the Copyright Protected Images in any manner;

f.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing,

14

PLAINTIFF'S FIRST AMENDED COMPLAINT                    Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

distributing, returning, or otherwise disposing of, in any manner, products or inventory sold or offered for sale through the unauthorized use of the Copyright Protected Images;

g.      using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's stores on Defendant's Online Stores or the Online Platform, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell knockoff Rotita Brand products through the unauthorized use of the Copyright Protected Images; and

h.      operating and/or hosting websites at the Defendant's Internet stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyright Protected Images.

2.      That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3.      Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including AliExpress, Walmart, Amazon, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendants' Online Stores, and domain name registrars, shall:

a.      disable  and cease providing services for any accounts through which Defendant engages in the sale of knockoff Rotita Brand products by using, without. authorization, the Copyright Protected Images, including any accounts associated with the Defendants listed on

Schedule "A";

b.      disable and cease displaying any advertisements used by or associated with Defendants that display the Copyright Protected Images; and

c.      take all necessary steps to prevent links to Defendants' Online Stores identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to Defendants' domain names from any search index.

4.      That Defendants account for and pay to Plaintiff all profits realized by them through the unauthorized use of the Copyright Protected Images.

5.      In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the Copyright Protected Images pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

6.      That Defendant, to the extent not enjoined for violation of the Copyright Act, be temporarily, preliminarily, and permanently enjoined under Fla. Stat. § 501.201, et seq.

7.      That Plaintiff be awarded attorneys' fees and costs damages as authorized by statute under Fla. Stat. § 501.201, et seq.

8.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9.      Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

PLAINTIFF'S FIRST AMENDED COMPLAINT       Case No.  1:25-cv-23649-KMM
AND JURY DEMAND

DATED: August 26, 2025         Respectfully Submitted,

*/s/ Joshua H. Sheskin*
Joshua H. Sheskin (FL Bar No. 93028)
Joshua@bayramoglu-legal.com
William R. Bress (FL Bar No. 98886)
william@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
11540 W. Warm Springs Rd., Ste 100
Henderson, NV 89014
T: (702) 462-5973
F: (702) 553-3404

*Attorneys for Plaintiff*

PLAINTIFF'S FIRST AMENDED COMPLAINT        Case No.  1:25-cv-23649-KMM
AND JURY DEMAND