**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23649-ARTAU/REID**

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE IDENTIFIED SCHEDULE "A" DEFENDANTS

Plaintiff Hong Kong Leyuzhen Technology Co. Limited ("Plaintiff") hereby moves for this Entry of Default Judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 55 ("Rule 55") against Defendant Glozeplus as shown on Schedule "A" to the First Amended Complaint [Dkt. Nos. 8-2, 22-2], (the "Defendant"). Plaintiff's Motion is made and based upon this Memorandum of Law, the Declaration of William Brees in Support of Plaintiff's Motion for Default Judgment filed herewith (the "Brees Decl."), the papers and pleadings on file in this action, and any argument of counsel the Court may entertain. Plaintiff's Motion disposes of the case.

### I.   INTRODUCTION

On August 26, 2025, Plaintiff filed its First Amended Complaint and Jury Demand (the "First Amended Complaint") [Dkt. No. 8] in this action alleging, Copyright Infringement (Count I), and Violation of Florida Deceptive and Unfair Trade Practices Act (Count II). On January 12, 2026, the Court authorized electronic service via email on Defendant in connection with the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT        Case No. 1:25-cv-23649-EA-LMR

Temporary Restraining Order ("TRO") [Dkt. No. 26]. On March 3, 2026, Defendants were served with their respective Summons and copies of the Complaint and Temporary Restraining Order via electronic mail ("e-mail") to the email addresses provided by the online marketplace Amazon.com. (See Dkt. No. 41 Return of Service on file with the Court.) The deadline to respond to the Complaint was March 24, 2026. (Brees Decl. ¶ 4).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Defendant had twenty-one (21) days to answer or otherwise respond to Plaintiff's Complaint in this action. As of the filing of this Motion, more than twenty-one (21) days have expired since electronic service was effectuated on the Defendant. (Brees Decl. ¶ 3, 4, 8, and 9). To date, the Defendant has not answered or otherwise responded to Plaintiff's Complaint. (Brees Decl. ¶ 5).

Pursuant to Rule 55(b)(2), Plaintiff now respectfully moves this Court for entry of a default judgment finding the Defendant is liable on all counts asserted in the Complaint. These asserted counts include claims for Copyright Infringement (Count I), and Violation of Florida Deceptive and Unfair Trade Practices Act (Count II).

In connection with its asserted claims for relief, Plaintiff seeks an award of statutory damages pursuant to 17 U.S.C. § 504(c), against the Defendant, which should be enhanced by 17 U.S.C. § 504(c)(2), for its willful infringement of Plaintiff's federally registered copyrights. Plaintiff additionally requests the Court issue a permanent injunction against the Defendant. *See* 17 U.S.C. § 502(a). Furthermore, Plaintiff requests an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                    Case No. 1:25-cv-23649-EA-LMR

## II.   ARGUMENT

### A.  Jurisdiction and Venue Are Proper in This Court

This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)-(b). This action also alleges violations under Florida common law. This Court has supplemental jurisdiction of those claims under 28 U.S.C. § 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in Florida and causes harm to Plaintiff's business within this judicial district. [Dkt. No. 8 at 12].

In addition to the foregoing, the Court has determined that it can properly exercise specific personal jurisdiction over the Defendant in issuing the Temporary Restraining Order ("TRO") on January 27, 2026. [Dkt. No. 26]. Moreover, the Court additionally issued a Preliminary Injunction on March 18, 2026, further solidifying this determination. [Dkt. No. 54]. Accordingly, it is unquestionable that the Defendant is subject to personal jurisdiction in this action.

### B.  Plaintiff Has Met the Requirements for Entry of Default Under Rule 55(a)

Pursuant to Rule 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). Plaintiff's complaint, pleadings, and declarations filed in this case clearly demonstrate that default judgment pursuant to Rule 55 should be entered against the Defendant.

### C. The Factual Allegations Establish Liability

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

The Defendant has directly copied one or more photograph(s) protected by the Rotita Copyrights, or, the Defendant's infringing photograph is strikingly similar, or at the very least substantially identical, to the image protected by the Rotita Copyright and constitute unauthorized copying, reproduction, and distribution, creation of a derivative work, and/or public display of Plaintiff's copyright for the Rotita Product. Defendant has made unauthorized copies of Plaintiff's work. Specifically, the Defendant also deceives unknowing consumers by using the Rotita Copyright without authorization in offering products for sale by referencing and/or embodying that copyright on the Online Store.

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each claim. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted, conclusively establish the Defendant's liability under each claim asserted in the Complaint. Default Judgment pursuant to Rule 55 of the Fed. R. Civ. P. should be entered against the Defendant.

### D. Plaintiff is Entitled to Entry of the Requested Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure generally provides for entry of a court-ordered default judgment against one or more defending parties that fail to appear, answer, and/or defend allegations asserted against them. Fed. R. Civ. P. 55(b)(2). A defaulting defendant is deemed to have admitted to a plaintiff's well-pled allegations of fact. *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *U.S. v. Kahn*, 164 Fed. Appx. 855, 858 (11th Cir.

2006) (district court may enter default judgment when the complaint contained sufficient well-pleaded allegations to state a claim for injunctive relief).

More than twenty-one (21) days have passed since the Defendant was served, and no answer or other responsive pleading has been filed by the Defendant. Thus, default judgment is appropriate, and Plaintiff is entitled to entry of a default judgment pursuant to Rule 55(b)(2) against the Defendant for copyright infringement as asserted in the Complaint. [Dkt. No. 8].

Accordingly, Plaintiff is entitled to the following remedies through the issuance of a default judgment against the Defendant: (1) an award of statutory damages resulting from its acts of infringement in order to redress Defendant's unjust enrichment and to deter its infringement of Plaintiff's copyright, pursuant to 17 U.S.C. § 504(c)(2); (2) entry of a permanent injunction pursuant to 17 U.S.C. § 502; and (3) an award of attorneys' fees and costs pursuant to 15 U.S.C. § 505.

## 1. *A Permanent Injunction Against the Defendants is Appropriate*

Permanent injunctive relief is in the public interest because each Defendant is engaged in illegal activities and are directly defrauding the consuming public by palming off Defendant's competing Infringing Products as genuine Rotita Products through the publication of the Infringing Photograph. The public interest favors maintaining the integrity of the copyright laws. *See C.B. Fleet Co*. 510 F. Supp. at 1084 ("The public interest can only be served by upholding copyright protection and preventing the misappropriation of protected works."); *Salinger*, 607 F.3d at 82; *see also CBS Broad., Inc. v. EchoStar Comm'ns. Corp*., 265 F.3d 1193, 1198 (11th Cir. 2001) (the public interest lies with protecting the rights of copyright owners); *Nailtiques Cosmetic Corp. v. Salon Sciences, Corp*., 1997 WL 244746, 5, 41 (S.D. Fla. 1997) ("The interests of the public in

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                    Case No. 1:25-cv-23649-EA-LMR

not being victimized and misled are important considerations in determining the propriety of granting injunctive relief.")

Plaintiff has shown that it lacks an adequate remedy at law and would suffer irreparable harm if Defendant's continuing conduct is not permanently restrained. Additionally, Plaintiff has established that the balance of the hardships favors issuing the requested injunction. Accordingly, Plaintiff respectfully requests that the Court grant the Motion and enter a permanent restraining order against the Defendant.

Plaintiff will suffer irreparable injury if Defendant's infringing activities are not permanently enjoined. (Dkt. No. 8-3). A copyright holder possesses "the right to exclude others from using his property." *eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006) (citing Fox Film Corp.v. Doyal*, 286 U.S. 123 (1932)). Defendant's infringing conduct deprives Plaintiff of control over his exclusive copyright rights, causing irreparable harm. *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (holding violation of copyright owner's "right to exclude" renders monetary remedies inadequate in a wide range of circumstances) (quoting *eBay, Inc.* at 395). These harms are notoriously difficult to quantify and are considered irreparable. *Id.* at 81 (loss of sales due to infringement is "notoriously difficult" to prove). Further, Plaintiff's Complaint alleges that Defendant's unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendant is not permanently enjoined. (Dkt. No. 8 ¶¶ 40-52). By failing to answer the Complaint, the Defendant has defaulted upon Plaintiff's factual allegations in that respect.

The Defendant has admitted by its default that its e-commerce store names, the associated payment accounts, and the seller aliases or identification names, are used in connection with the sale of infringing goods by using of Plaintiff's copyright in the description of the goods are essential components of the Defendant's online activities and are one of the means by which the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                    Case No. 1:25-cv-23649-EA-LMR

Defendant furthers its counterfeiting and infringement schemes and causes harm to Plaintiff. Therefore, in order to effectuate the injunction as a practical matter pursuant to the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651(a), all listings using Plaintiff's copyright via the e-commerce store names, and any other e-commerce store names being used and/or controlled by the Defendant to promote, offer for sale, and/or sell goods bearing and/or using a infringements of Plaintiff's copyright, should be permanently removed by Internet marketplace website operators and/or administrators.

Without removing the listings that use Plaintiff's copyright, the Defendant will remain free to continue infringing Plaintiff's copyright with impunity, will continue to benefit from the Internet traffic to its e-commerce store built through the unlawful use of the Rotita Copyright, and will continue to defraud the public by its illegal activities. The Court's powers of equity can compel measures necessary to enforce an injunction against infringement. See, e.g., *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

The Defendant has participated in an Internet-based infringement scheme and is profiting from the deliberate misappropriation of Plaintiff's rights. Unless the infringing online platform listings are permanently removed, the Defendant will be free to continue to defraud the public with its illegal activities. Accordingly, the Court should eliminate the means by which the Defendant conducts its unlawful activities to further prevent the use of these instrumentalities of infringement.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                Case No. 1:25-cv-23649-EA-LMR

### 2. *Damages for Copyright Infringement*

In a case involving the use of infringing marks in connection with a sale, offering for sale, or distribution of goods, 17 U.S.C. § 504(c), provides that a plaintiff may elect an award of statutory damages which may be enhanced by 17 U.S.C. § 504(c)(2) if the Court finds that the Defendant's infringing actions were willful. Pursuant to 15 U.S.C. § 504, Plaintiff elects to recover an award of statutory damages as to its claim for Copyright Infringement alleged in the Complaint.

This Court has wide discretion to set an amount of statutory damages. *PetMed Express*, Inc., 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is an appropriate remedy, despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006). A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. See *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. See *PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute infringement.

The evidence submitted in this case clearly establishes the Defendant intentionally copied the Rotita Copyright to for use in selling competing articles of clothing to those shown in the photograph protected by the Rotita Copyright. By failing to respond to the Complaint the Defendant defaulted on Plaintiff's allegations of willfulness. See *Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default). This Court should

award a significant amount of statutory damages under the Copyright Act to ensure the Defendant does not continue their intentional and willful counterfeiting activities.

Based on these considerations, Plaintiff requests the Court award statutory damages against the Defendant. The evidence in this case demonstrates that the Defendant promoted, distributed, advertised, offered for sale, and/or sold goods using Plaintiff's copyright. Based on the above, Plaintiff respectfully requests the Court award statutory damages in the amount of $100,000.00 against Defendant for which Plaintiff has alleged a copyright claim in respect to the Rotita Copyright.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests entry of default judgment against the Defendant pursuant to Rule 55. In granting its request, Plaintiff asks the Court to award the following: (1) an award of the Defendant's profits resulting from its acts of infringement in order to redress Defendant's unjust enrichment and to deter its infringement of Plaintiff's copyright, 17 U.S.C. § 504(b); (2) enhanced damages pursuant to 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.; (3) entry of a permanent injunction pursuant to 17 U.S.C. § 502; and (4) an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505.

DATED: April 3, 2026

Respectfully Submitted,

By: */s/ William R. Brees*
William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs, Suite 100
Henderson, NV 89014
Telephone: (702) 462-5973 | Fax: (702) 553-3404
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April 2026, I electronically filed the foregoing using the electronic case filing system. Notice of this filing is provided to unrepresented parties for whom contact information is listed below and provided via email and by posting the filing on a URL contained on our website http://blointernetenforcement.com, and a link to said website in the email provided by third-party, Amazon.

By: */s/ William R. Brees*
WILLIAM R. BREES (FL BAR NO. 98886)