**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23649-ARTAU/REID**

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

        Defendants.

                                     /

## [PROPOSED] ORDER GRANTING MOTION FOR
## FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Final Default Judgment (the "Default Judgment Motion") (DE [57]). For the reasons discussed below, the Court grants Plaintiff's Default Judgment Motion.

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 U.S. Dist. LEXIS 220450, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), report and recommendation adopted, 2021 U.S. Dist. LEXIS 6450, 2021 WL 136287 (S.D. Ala. Jan. 13, 2021).

1

A "defendant's default alone does not warrant the entry of a default judgment." *Id*. (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.")). "Rather, a court must ensure there is a sufficient basis in the pleadings for the judgment to be entered." *Id*. "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted). The Eleventh Circuit has stated that a default judgment may only be entered where the Complaint is sufficient to withstand a motion to dismiss. *Id*. ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.").

On April 1, 2026, the Clerk entered default against Defendant Glozeplus ("Clerk's Entry of Default") (DE [56]) for failure to respond to the Complaint or otherwise appear in this action. On April 3, 2026, Plaintiff filed the Default Judgment Motion (DE [57]). Defendant subsequently failed to move to set aside the Clerk's Entry of Default or otherwise respond to the Default Judgment Motion.

The well-pleaded allegations of the Complaint are admitted by virtue of the Defendant's default. The Court finds that Plaintiff's Complaint (DE [1]) adequately states a claim for federal copyright infringement and violation of Florida Deceptive and Unfair Trade Practices Act, pursuant to 17 U.S.C. §§ 501, 502, and 504(c), The All Writs Act, 28 U.S.C. § 1651(a), and Fla. Stat. § 501.201. Default judgment against the Defendant is, therefore, appropriate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Default Judgment Motion (DE [57]) is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, judgment for Plaintiff will

be entered separately.

**DONE AND ORDERED** in Chambers, Miami, Florida, this _____ day of _____

2026.

_____
**HONORABLE ED ARTAU**
**UNITED STATES DISTRICT JUDGE**