**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23649-ARTAU/REID**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO, <br><br> Defendants. | |

**[PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment (the "Motion"). For the reasons set forth in the Order Granting Plaintiff's Motion for Default Judgment, [Dkt. No. 57], this Court now enters this separate final judgment pursuant to Federal Rule of Civil Procedure 58(a). Pursuant to Federal Rule of Civil Procedure 58(a), the Court hereby **ENTERS THIS SEPARATE FINAL JUDGMENT.** Accordingly, it is **ORDERED and ADJUDGED** that Final Default Judgment is hereby entered in favor of the Plaintiff, HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED ("Plaintiff"), and against Defendant Glozeplus as shown on Schedule "A" to the First Amended Complaint [Dkt. Nos. 8-2, 22-2], (the "Defendant") as follows:

1. **<u>Permanent Injunctive Relief</u>**

The Defendant, its officers, directors, agents, representatives, subsidiaries, distributors, servants, employees and attorneys, and all persons in active concert or participation therewith are hereby permanently restrained and enjoined from:

 a. Using or displaying Plaintiff's federally registered, copyright-protected photograph ("Plaintiff's Copyright"), in any medium, whether it be print, digital or otherwise, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rotita product or is not authorized by Plaintiff to be sold in connection with Plaintiff's Copyright;

 b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rotita product or any other product produced by Plaintiff through the use or display of Plaintiff's Copyright;

 c. committing any acts calculated to cause consumers to believe that the Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

 d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale through the use or display of Plaintiff's Copyright; and

 e. otherwise unfairly competing with Plaintiff in connection with Plaintiff's Copyright.

2. **Additional Equitable Relief:**

Upon the Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce store operating under the seller identification name identified on Schedule "A" hereto (the "Seller ID"), including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Walmart, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, shall permanently remove any and all listings and associated with the image of goods bearing unauthorized copies of Plaintiff's Copyright via the e-commerce store operating under the Seller ID, and any other listings and images of goods bearing infringements of Plaintiff's Copyrights associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by the Defendant to promote, offer for sale and/or sell goods in connection with Plaintiff's Copyrights.

3. **Statutory Damages in Favor of Plaintiff Pursuant to 17 U.S.C. § 504(c):**

Award the Plaintiff damages of $100,000.00 against the Defendant, for which let execution issue, based upon the Court's finding that Defendant infringed on Plaintiff's Copyright. The Court considered both the willfulness of the Defendant's conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 17 U.S.C. § 504(c)(2).

4. **Disposition of Retained Funds**

All funds currently restrained or held on account for the Defendant by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon and their related companies and affiliates are to be immediately (within five (5) business days), transferred by the previously referred to financial institution, payment processors, banks, escrow services, money transmitters, or marketplace

platforms and by the Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against the Defendant. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, and their related companies and affiliates, shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter for the Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from the Defendant's funds restrained prior to release; and (iii) the total funds released for Defendant to Plaintiff.

5. **Interest**

Interest from the date this action was filed shall accrue at the legal rate pursuant to 28 U.S.C. § 1961.

6. **Bond**

The Clerk is DIRECTED to RELEASE to Plaintiff the bond posted in this case in the amount of $5,000.00.

7. **Jurisdiction**

The Court retains jurisdiction to enforce this Judgment and permanent injunction.

8. **Closure of Case**

The Clerk is **DIRECTED** to **CLOSE** this case and DENY all pending motions as **MOOT**.

**DONE AND ORDERED** in Miami, Florida this ____ day of _____, 2026.

_____
**HONORABLE ED ARTAU**
**UNITED STATES DISTRICT JUDGE**